IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMY SPAHR AND MATTHEW CAIN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No. 19-113-MN |
| ) | |
| AMY COLLINS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

At Wilmington, this 14th day of January 2022,

WHEREAS, on December 17, 2021, the Court gave Plaintiffs leave to file a Second Amended Complaint on or before January 7, 2022 (D.I. 50);

WHEREAS, on January 12, 2022, five days after the deadline had passed, Plaintiffs filed a stipulation purporting to extend their time to file an amended complaint (D.I. 51);

WHEREAS, the Court denied the stipulation in an Oral Order stating that because the deadline had passed, the Court was treating the stipulation as a request for leave to amend and instructed that such motion needed to be made pursuant to the Court's motion to amend procedures (D.I. 52);

WHEREAS, in that Oral Order and pursuant to the Court's motion to amend procedures set forth in the Scheduling Order, the Court directed Plaintiffs to file a letter seeking leave to amend and to attach a redlined version of the proposed Amended Complaint by noon on January 14, 2022 (D.I. 52);

WHEREAS, on January 14, 2022, Plaintiffs filed a letter that stated in its entirety:

> Pursuant to this Court's Order (D.I. 52) and Memorandum Decision (D.I. 50), Plaintiffs are requesting leave to file an [sic] Second Amended Complaint. Defendants do not oppose such a request as

> long as they are allowed to file a responsive answer and/or motion to the complaint. Plaintiff did not file a Second Amended Complaint by January 7, 2022 as previously ordered because of sickness and weather issues. A clean and redlined version is attached to this letter. Thank you for your consideration.

WHEREAS, the letter did not attach a redlined copy to it,[1] explain why Plaintiffs had failed to request an extension prior to the deadline for filing an amended complaint, or explain why their amendment would not be futile (D.I. 53);

WHEREAS, deadlines are not optional and litigants may not bypass Court deadlines by stipulating to an extension after the deadline has passed (let alone attempting to do so without a showing of good cause for why they did not move for an extension prior to the passing of the deadline); and

WHEREAS, a party seeking leave to amend after the deadline for amendment must meet the "good cause" standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure. *See Premier Comp Solutions, LLC v. UPMC*, 970 F.3d 316 (3d Cir. 2020), and Plaintiffs have failed to set forth good cause.

THEREFORE, IT IS HEREBY ORDERED that Plaintiffs' motion for leave to amend (D.I. 53) is DENIED and the teleconference set for January 21, 2022 at 2:00 p.m. is cancelled.

IT IS FURTHER ORDERED that this case shall proceed to trial AS SCHEDULED on the procedural due process and unlawful removal claims asserted against Defendant Collins.

---

[1] Plaintiff filed a proposed Amended Complaint entitled "Exhibit Redline Complaint" that is not functionally or literally redlined.

3

IT IS FINALLY ORDERED that the parties shall explore settlement of this matter and, if possible, participate in mediation before the scheduled pretrial conference either with the assigned mediation magistrate (if the magistrate has time) or with a private mediator.

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge