

**KATHLEEN JENNINGS**
ATTORNEY GENERAL

**DEPARTMENT OF JUSTICE**
NEW CASTLE COUNTY
820 NORTH FRENCH STREET
WILMINGTON, DELAWARE 19801

CIVIL DIVISION (302) 577-8400
FAX: (302) 577-6630
CRIMINAL DIVISION (302) 577-8500
FAX: (302) 577-2496
FRAUD DIVISION (302) 577-8600
FAX: (302) 577-6499

Reply to Civil Division, (302) 577-8400

January 20, 2022

VIA CM/ECF
The Honorable Maryellen Noreika
United States District Court, District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 19
Room 4324
Wilmington, Delaware 19801-3555

      RE: *Amy Spahr, et al., v. Amy Collins, et al.*, CA No. 19-113-MN

Dear Judge Noreika:

      Please accept this letter in response to the Court's oral order of January 18, 2022, directing Defendants to address any assertions of futility of Plaintiffs' proposed Second Amended Complaint.[1]

      Pursuant to Fed. R. Civ. P. 15(a)(2), a party may amend its pleading with leave of court, which shall be freely given when justice so requires. A court may refuse leave to amend for numerous reasons, including when amending the pleading would be futile.[2] "Amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'"[3]

      The Court, in its December 17, 2021 memorandum opinion, recognized that Plaintiffs attempted to bring claims of procedural due process, unlawful removal, and familial association against the three original Defendants (Collins, Mirro, and Powell), as well as a *Monell* claim against each Defendant.[4] The Court identified several deficiencies in Plaintiffs' First Amended Complaint in its memorandum opinion, *viz*.: (1) Plaintiffs failed to allege that Defendants Mirro

---

[1] D.I. 57.
[2] *Spartan Concrete Prod., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019) (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)).
[3] *Talley v. Wetzel*, 14 F.4th 275, 285, n.6 (3d Cir. 2021) (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)).
[4] D.I. 49 at 6.

or Powell were involved in coercing Plaintiff Spahr into signing the Child Safety Agreement;[5] (2) Plaintiffs failed to allege that Mirro or Powell were involved in removing minor child C.C. from Plaintiffs' custody;[6] (3) Plaintiffs failed to allege conduct that "shocks the conscience" with regard to their familial association claim as to all defendants;[7] (4) Plaintiffs failed to add the minor children or the legal representatives of the minor children as parties so as to support an "unlawful detaining" cause of action grounded in the Fourth Amendment;[8] and (5) Plaintiffs failed to allege causes of action against Defendants in their official capacities or to include political subdivisions which could be proper subjects of a *Monell* claim.[9] Ultimately, the Court found that Plaintiffs could only proceed with their procedural due process and unlawful removal claims against Defendant Collins, and dismissed all other remaining claims and Defendants.[10]

In their proposed Second Amended Complaint, Plaintiffs appear to abandon any claims against Defendant Powell as well as *Monell* claims against Collins and Mirro.[11] As will be discussed below, Plaintiffs have not alleged any additional facts which would cure any of the deficiencies which the Court previously identified.[12] As such, Plaintiffs have failed to demonstrate that their proposed Second Amended Complaint would not be futile within the meaning of *Shane v. Fauver*.[13]

As an initial matter, Plaintiffs' proposed amendments appear to attempt to bring a claim against Mirro under *respondeat superior*.[14] "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d. Cir. 1988). (citations omitted). To the extent that Plaintiffs intend to amend their complaint as to Defendant Mirro, Plaintiffs must allege sufficient facts to demonstrate that Mirro was personally involved in this matter, which can include personal direction or actual knowledge and acquiescence. *Rode*, 845 F.2d at 1207. "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Spicer v. Cty. of Dover*, 2020 WL 4432535, at *4 (D. Del. Jul. 31, 2020) (quoting *Rode*, 845 F.2d at 1207). Because civil rights actions cannot be predicated under *respondeat superior*, such amendments are futile. As a result, Plaintiffs' request to amend their complaint should be denied.

Nor do Plaintiffs allege any specific facts that Mirro had any personal involvement. Plaintiffs' proposed Second Amended Complaint adds allegations largely pertaining to Defendant Mirro. In summary, these allegations are that Mirro was Collins's direct supervisor, Mirro participated in decision-making pertaining to the State's investigation of Plaintiffs, Mirro was

---

[5] D.I. 49 at 7.
[6] *Id*. at 10.
[7] *Id*. at 11.
[8] *Id*. at 12.
[9] *Id*. at 12-13.
[10] D.I. 50.
[11] D.I. 55-1 at paras. 4, 43, 75, and Count II (struck-through).
[12] D.I. 55-1; D.I. 49.
[13] 213 F.3d at 115.
[14] D.I. 55-1 at paras. 55, 77.

aware of Plaintiffs' assertion of their right to take custody of minor child C.C. and, purportedly without legal authority, instructed C.C.'s maternal grandfather to maintain custody of C.C., and misrepresented the existence of an emergency custody order to law enforcement.[15] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not meet the Supreme Court's standard under *Iqbal* and *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

  Plaintiffs' proposed amendments fail to cure any deficiencies put forth in the Court's December 17, 2021 opinion, and Plaintiffs cannot proceed with any of their claims against Mirro. Regarding Plaintiffs' procedural due process claim, none of the proposed amendments allege that Mirro was involved in Plaintiff Spahr's signing of the safety agreement. Regarding the unlawful removal claim, the proposed amendments do not allege that Mirro was involved in removing any child from Plaintiffs' custody. Finally, the Court found that Plaintiffs could not maintain a familial association claim against any of the Defendants for three reasons: (1) Plaintiffs failed to show how the allegations for that claim violated clearly established rights, (2) the conduct did not shock the conscience, and (3) to the extent the claim was based on the Fourth Amendment, the claim could not be asserted unless the children were parties.[16] The proposed amendments fail to cure any of those deficiencies. In sum, the proposed amendments fail to properly allege any claim against Mirro.

  Accordingly, Plaintiffs' motion for leave of court to amend their complaint should be denied.

                              Respectfully submitted,

                              */s/ Robert M. Kleiner*
                              Deputy Attorney General

cc: Ronald G. Poliquin, Esq. (via CM/ECF)

---

[15] D.I. 55-1 at paras. 55-64.
[16] D.I. 49 at 10-12.