IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMY SPAHR and MATTHEW CAIN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No. 19-113 (MN) |
| ) | |
| AMY COLLINS and RAMONA MIRRO, ) | |
| ) | |
| Defendants.. ) | |

## MEMORANDUM ORDER

At Wilmington, this 26th day of August 2022;

Plaintiffs Amy Spahr ("Spahr") and Matthew Cain ("Cain") (collectively, "Plaintiffs") brought an action under 42 U.S.C. § 1983 against Defendants Amy Collins ("Collins") and Ramona Mirro ("Mirro") (collectively, "Defendants"). After the Court's previous opinion granting-in-part and denying-in-part Defendants' motion for judgment on the pleadings (D.I. 49), Plaintiffs filed a Second Amended Complaint alleging that Defendants violated their procedural and substantive due process rights. (D.I. 61).

Before the Court is Defendants' motion for summary judgment on all counts. (D.I. 68).[1] Defendants' motion seeks judgment in their favor on the grounds of qualified immunity. Although "[t]he burden of establishing qualified immunity falls to the official claiming it as a defense," *Burns v. PA Dep't of Corr.*, 642 F.3d 163, 176 (3d Cir. 2011), "[w]here a defendant asserts a qualified immunity defense in a motion for summary judgment, the plaintiff bears the initial burden of showing that the defendant's conduct violated some clearly established statutory or constitutional right." *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997). "A Government

---

[1] The Court assumes the reader's familiarity with the underlying facts and allegations and details only those relevant to the decision herein.

official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).  A right may be clearly established by Supreme Court precedent or a "robust consensus of cases of persuasive authority in the Court of Appeals." *Mammaro v. New Jersey Div. of Child Prot. & Permanency*, 814 F.3d 164, 169 (3d Cir. 2016), *as amended* (Mar. 21, 2016).  Clearly established law must not be defined at a high level of generality and so "the dispositive question is 'whether the violative nature of *particular* conduct is clearly established.'" *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (quoting *al-Kidd*, 563 U.S. at 742).

For the following reasons, Defendants' motion is GRANTED-IN-PART and DENIED-IN-PART.

I. **PROCEDURAL DUE PROCESS**

Plaintiffs allege that Defendants violated their procedural due process rights by coercing Spahr to sign the Child Safety Agreement.  "[R]emoving the suspected parent from the family home during the pendency of child abuse investigations absent any procedural safeguards raises a procedural due process issue." *Croft v. Westmoreland Cnty. Children & Youth Servs.*, 103 F.3d 1123, 1125 n.3 (3d Cir. 1997).  This is so because "[t]he procedural component of parental due process rights [] requires rigorous adherence to procedural safeguards anytime the state seeks to alter, terminate, or suspend a parent's right to the custody of his minor children." *McCurdy v. Dodd*, 352 F.3d 820, 827 (3d Cir. 2003).  It is therefore clearly established that parents have the right to not be coerced to relinquish custody of their children without due process of law.  *See Isbell v. Bellino*, 962 F. Supp. 2d 738, 750 (M.D. Pa. 2013).

Viewing the evidence in the light most favorable to Plaintiffs, as the Court must, the Court concludes that Defendant Collins is not entitled to qualified immunity because there is a genuine issue as to whether she coerced Spahr to sign the Child Safety Agreement. Spahr testified at her deposition that Collins "told me that I had to sign a paper or my children were going into foster care." (A-18:9–16).[2] Spahr repeatedly testified that Collins led her to believe that she either had to sign the Child Safety Agreement or her children would end up in foster care. (*See* A-19:7–13, A-23:8–24:1, A-140:8–17). Cain's deposition testimony supports Spahr's account. (*See* A-278:20–279:7). Defendants argue that "[a]side from Plaintiffs' own self-serving statements, the record is devoid of any evidence demonstrating [that] Spahr was coerced to sign the Agreement." (D.I. 69 at 8). Plaintiffs' testimonial evidence *is* evidence, however, and the Court cannot cast it aside as "self-serving" because summary judgment is "inappropriate when a case will turn on credibility determinations." *Horowitz v. Fed. Kemper Life Assur. Co.*, 57 F.3d 300, 302 n.1 (3d Cir.1995) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Plaintiffs established the existence of a clearly established right and there is a genuine issue as to whether Collins violated that right by coercing Spahr to sign the Child Safety Agreement, thereby denying her process altogether. Defendant Collins has therefore not met her burden to establish qualified immunity.

Defendant Mirro's motion will be granted, however, because Plaintiffs have not raised a genuine issue as to whether Mirro was sufficiently involved in the alleged deprivation of their procedural due process rights. As evidence of Mirro's involvement, Plaintiffs point to testimony where Mirro affirmed that she and Collins collaborated during the case and did so over the

---

[2]   All citations to an appendix are citations to an appendix that may be found at D.I. 70.

telephone. (A-359:23–360:9)).[3] This testimony merely suggests that Mirro collaborated with her subordinate, but does not reveal whether Mirro had any role in Collins' alleged coercion of Plaintiffs. To raise a genuine issue of material fact, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. Because there is no evidence that would allow a reasonable jury to find that Mirro was involved in the alleged procedural due process violation, the Court grants Mirro's motion.

## II. SUBSTANTIVE DUE PROCESS

As to substantive due process, Plaintiffs' briefing never squarely addresses qualified immunity, which leaves the Court to guess at what "clearly established right" they are asserting that Defendants violated. Plaintiffs at one point contend that "[i]t is well established that parents have a protected liberty interest in the custody, care and management of their children," but this is insufficient because it defines the right at a level too general to overcome qualified immunity. (D.I. 76 at 11). *See Mammaro*, 814 F.3d at 169. Throughout their briefs, Plaintiffs assert that Defendants acted without "reasonable suspicion" of abuse, which may mean that they are asserting a right to not have their child removed unless there is "some reasonable and articulable evidence giving rise to a reasonable suspicion that a child has been abused or is in imminent danger of abuse." *Croft v. Westmoreland Cty. Children & Youth Servs.*, 103 F.3d 1123, 1126 (3d Cir.1997). This, too, is "too broad for purposes of qualified immunity." *Mammaro*, 814 F.3d at 169 (3d Cir. 2016). Ultimately, it is Plaintiff's job to identify a clearly established right that was violated at the

---

[3] Plaintiffs also twice cited to a portion of Mirro's deposition where Plaintiffs' counsel is explaining to her how the deposition is to be conducted. This is wholly irrelevant and does not seem to be a typographical error as Plaintiffs twice cited to this section. (D.I. 76 at 5 (citing A-433:1–7), D.I. 78 (citing A-433:1–7)).

proper level of specificity.  Because Plaintiffs have not done so, the Court grants Defendants' motion on the substantive due process claims.[4]

## III. CONCLUSION

Plaintiffs have raised a genuine issue of material fact as to whether Defendant Collins violated clearly established procedural due process law but have failed to overcome qualified immunity on every one of their other claims.

THEREFORE, for the reasons set forth above, IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (D.I. 68) is GRANTED-IN-PART and DENIED-IN-PART as follows:

1. The motion is GRANTED as to Defendant Mirro and the Clerk of Court is hereby directed to enter judgment against Plaintiffs and in favor Defendant Mirro.

2. The motion is GRANTED-IN-PART and DENIED-IN-PART as to Defendant Collins.  The Motion is GRANTED as to the substantive due process claims and the Clerk of Court is hereby directed to enter judgment against Plaintiffs and in favor of Defendant Collins as to these claims.  The Motion is DENIED as to Plaintiffs' procedural due process claim against Defendant Collins.

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge

---

[4] Because Plaintiffs have not alleged that a clearly established right was violated, the Court need not determine whether Plaintiffs have raised a genuine issue as to whether Defendants violated the law at all.  *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).